Citation Nr: 1206484 
Decision Date: 02/22/12 Archive Date: 03/01/12

DOCKET NO. 09-06 175 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to a higher initial evaluation for posttraumatic stress disorder (PTSD), evaluated as 50 percent disabling effective from January 31, 2007.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

S. Coyle, Counsel






INTRODUCTION

The Veteran served on active duty from December 1968 to July 1970. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2007 rating decision by the St. Louis, Missouri, Regional Office (RO) of the Department of Veterans Affairs (VA).

In November 2007, the Veteran filed a statement concerning the worsening symptomatology associated with his PTSD, which appears to have been construed by the RO as a new claim for an increase. However, upon review of the facts of this case, the Board finds that the statement, considered along with other evidence thereafter received by the RO, constituted the submission of pertinent evidence within the one-year appeal period following the June 2007 rating decision. Accordingly, the current appeal has been pending since that rating decision, which was the decision that granted service connection. 38 C.F.R. § 3.156(b). As such, the propriety of the initial disability rating assigned is at issue. The Board thus finds that the issue on appeal is appropriately characterized as entitlement to a higher initial rating for PTSD, evaluated as 50 percent disabling from January 31, 2007. (A temporary total rating was assigned under 38 C.F.R. § 4.29 by a January 2010 rating decision, effective from February 26, 2007, to May 1, 2007. It is the periods for which the schedular 50 percent rating was assigned that are now before the Board.)


REMAND

According to the evidence of record, the Veteran has been hospitalized twice for psychiatric treatment. The first hospitalization appears to have occurred at the Fayetteville, Arkansas VA Medical Center (VAMC) during September 2006. The Veteran also received inpatient treatment for PTSD at the Fayetteville VAMC from February 2007 to April 2007. Although intake and discharge summaries from these periods of hospitalizations have been received, the complete treatment records from those inpatient admissions have not been associated with the claims folder. VA will make attempts to obtain records in the custody of a Federal department until it is determined that the records do not exist or that further efforts would be futile. 38 C.F.R. § 3.159(c). A request for these records should be accomplished upon remand.

In addition, post-service treatment records from the Mount Vernon (Missouri) VA Community Based Outpatient Clinic (CBOC) have been obtained. The most recent records from this facility are dated in February 2010. It appears that the Veteran receives regular treatment from this facility. Thus, updated treatment records should be obtained on remand.

Throughout the course of the claim, the Veteran has contended that he is unable to work as a result of his PTSD. The Court has held that, when evidence of unemployability is presented in cases such as this, the issue of whether a total disability rating based on individual unemployability (TDIU) will be assigned should be handled during the determination of the initial disability rating. See Rice v. Shinseki, 22 Vet. App. 447, 452-53 (2009). In Rice, the Court determined that there is no freestanding claim for TDIU. Id. at 451. Therefore, this aspect of the Veteran's claim for compensation benefits should be addressed on remand as part of the claim for a higher initial rating. That is, the AOJ should address whether a TDIU is warranted when it re-adjudicates the initial rating issue. 

In view of the contention that TDIU is warranted, the Veteran should be sent a new VCAA letter notifying him of the information and evidence necessary to substantiate a claim of entitlement to TDIU. See 38 C.F.R. § 3.159(b)(1). 

Accordingly, the case is REMANDED for the following action:

1. Send a new VCAA notice letter to the Veteran and his representative. The letter should notify the Veteran of the information and evidence necessary to substantiate a claim of entitlement to TDIU. The Veteran and his representative should be given an opportunity to respond to the notice, and any additional information or evidence received should be associated with the claims file.

2. Contact the Fayetteville VAMC and request that all records from the Veteran's inpatient admissions in September 2006 and from February 2007 to April 2007, as well as all treatment records from the Mount Vernon CBOC from February 2010, be provided for inclusion with the claims folder. If any records cannot be obtained after reasonable efforts have been made, notify the Veteran of the attempts made and why further attempts would be futile, and allow him the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e). 

3. After the above has been completed, undertake any additional evidentiary development deemed appropriate. Thereafter, re-adjudicate the issue, including the TDIU question, taking into consideration all evidence added to the file since the most recent VA adjudication. If the benefit sought is denied, the Veteran and his representative must be provided a supplemental statement of the case and given opportunity to respond before the case is returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This case must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________
MARK F. HALSEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).